[The case of *Roxbury* v. *Boston & Providence Railroad Corporation*, commencing on page 424, was argued and decided at the sittings in Boston, in January, 1851.]

## Abner L. Cushing *vs.* The Inhabitants of Stoughton.

If a town appoint a committee for an illegal purpose, with authority to defend all actions growing out of the same, at the expense of the town, and the committee employ counsel accordingly, by whom professional services are rendered in defence of such an action, the town are liable for the services rendered.

This was an action of assumpsit to recover for the services of the plaintiff, as an attorney and counsellor at law, rendered in behalf of the defendants.

33 *

At the trial before *Hoar*, J., in the court of common pleas, the following facts appeared : —

The town of Stoughton, on the 13th of March, 1837, elected three trustees to receive and take charge of the town's share of the surplus revenue of the United States, amounting to $3.600. The trustees received the same accordingly, and invested it in a mortgage of real estate, the interest of which was paid over to the town and applied to the support of schools, pursuant to a vote passed on the 13th of March, 1837.

On the 22d of March, 1847, the town voted: —

1. That the trustees heretofore appointed for the purpose of receiving and holding the town's share of the surplus revenue be discharged, and their office abolished.

2. That five persons (naming them) be appointed as receivers of the surplus revenue, to demand, receive, and collect the same from the trustees.

3. That if the trustees refuse to deliver the funds in their hands to the receivers, together with all securities and papers relating thereto, on demand, the receivers be empowered to bring any and all actions that may be necessary to enable them to obtain possession thereof, in the name and at the expense of the town.

4. That the receivers be empowered to defend any and all suits, which may grow, directly or indirectly, in any way or form, out of the surplus revenue, in the name of the town, or otherwise as counsel shall direct.

5. That all cost, expenses, and trouble, that the receivers may be put to in the premises, be paid by the town.

6. That when the money shall come into the hands of the receivers, they shall loan the same to the inhabitants of the town, in such a manner, that each shall receive a just and equal share thereof, by giving security for the same, with interest at the rate of one per cent, payable when and not until the United States shall demand the same.

The receivers, in pursuance of these votes, and for the purpose therein mentioned, demanded the money and securities, in the hands of the trustees, who were about to deliver the same, when a bill in equity was filed in this court, by Lemuel

Gay and twelve others, inhabitants of Stoughton, against the trustees and receivers, and the town, upon which an injunction was obtained, to restrain the distribution of the surplus revenue as directed by the vote of the town. This injunction was duly served upon the town and the other defendants named in the bill, and in due course of proceeding, and after argument, the injunction was made perpetual. The town of Stoughton did not hold any meeting, or pass any vote, subsequent to the 22d of March, 1847, relative to the surplus revenue, or to the bill and injunction ; but the receivers, assuming to act under the votes already mentioned, as the agents of the town, employed the plaintiff as counsel, who accordingly rendered his professional services, and argued for the defendants on the hearing of the bill in equity.

This action was brought for the services thus rendered ; the charges for which, if the town were bound to pay therefor, were admitted to be reasonable.

The defendants contended, that the votes of the 22d of March, 1847, were void, and did not confer upon the receivers any authority to employ counsel, at the expense of the town ; but the presiding judge ruled otherwise ; whereupon the jury returned a verdict for the plaintiff, and the defendants excepted.

*E. Ames*, for the defendants.

*A. L. Cushing*, for himself.

DEWEY, J. The plaintiff seeks to recover of the defendants for professional services, as an attorney and counsellor at law, in defending a suit in equity instituted against the town of Stoughton, having for its object the restraining of the defendants from distributing their portion of the proceeds of the surplus revenue contrary to law.

The ground now taken is, that these services, having been rendered in aid of the defendants, who were attempting to do an illegal act, furnish no ground for sustaining an action at law to recover compensation therefor.

This case does not fall within the principle of those decisions, where an express promise to indemnify an agent for a breach of duty has been held void. Nor does it belong to the class of cases, where the contract of a town has been held

invalid, on the ground, that the subject of the contract was foreign to the duties and powers of towns, as in the cases of *Stetson* v. *Kempton*, 13 Mass. 272; *Parsons* v. *Goshen*, 11 Pick. 396. Cases may and often do arise, in which towns may assume to indemnify their agents, where the result of a trial at law clearly shows, that the acts were illegal, provided such acts were done by the agents in the *bonâ fide* discharge of their duty. *Bancroft* v. *Lynnfield*, 18 Pick. 566; *Nelson* v. *Milford*, 7 Pick. 18.

It is incident to towns to be the subject of suits at law and in equity. Being subject to such suits, the right necessarily attaches to employ legal counsel to aid in prosecuting or defending them. The right of counsel so employed, to recover compensation for services rendered, does not depend upon the result of such suit, and whether the town were found to have acted legally or illegally, in the matter in controversy, or whether they had or had not a valid claim, which they sought to enforce. The right to fees for such services arises, because it is thus incident to towns to be the subject of suits at law and in equity; and one employed in their behalf may well recover his reasonable compensation therefor, irrespective of the merits of the controversy; and although it should appear, that the proceeding was a bill in equity to restrain the town and its officers from illegally disposing of the moneys or property of the town to some foreign and unauthorized object, the result would be the same, as to the right of the counsel to recover their fees for professional services.

The only remaining inquiry is, whether the plaintiff was thus employed by the defendants. The vote of the town authorized the defending of any suits that might arise from the attempt to distribute the surplus revenue. Nor is it any valid objection, that this vote was passed before any suit was instituted. The more usual mode is to pass a vote to defend a suit already commenced; but it is competent for a town, at the commencement of its political year, to appoint an agent to defend all suits that may be instituted during the year ' or at any legal meeting called for the purpose, to pass a similar vote, as to any particular case expected to arise during the year. *Exceptions overruled.*