JOSEPH VINCENT *vs.* INHABITANTS OF NANTUCKET.

In this commonwealth a town is not bound by its corporate vote, to pay the expenses of a field-driver in defending a suit brought for taking up and impounding cattle running at large contrary to law; such agreement not being within the scope of a town's corporate powers.

THIS case was tried before *Byington*, J., in the court of common pleas, October term, 1852, who signed the following bill of exceptions:

" This is an action against the defendants to recover a sum of money expended by the plaintiff in defending a suit brought against the said Vincent by Hiram Folger, and for services rendered by him in so defending. The action was replevin of Folger's cattle taken and impounded by Vincent, as field-driver of Nantucket, brought originally before a justice of the peace, and appealed to this court, and judgment rendered in favor of said Vincent, October term, 1850.

for damages and costs. The record of the case, *Folger v Vincent,* (see 7 Cush. 355,) is made a part of the case, and a copy is annexed, as also the writ, pleadings, and plaintiff's bill of particulars in this case. It was admitted that the plaintiff was a field-driver of Nantucket, for the years 1848 and 1849 and he claimed to recover in this action, on the ground that being such field-driver, in the month of October, 1849, he took up and impounded in the town-pound of Nantucket, certain cattle of H. Folger, for going at large contrary to law; that Folger sued him in an action of replevin for so taking and impounding them, and the town voted to indem-nify said Vincent for his liabilities and expenses incurred in defending said suit. To support his cause, the plaintiff, besides the admission by the defendants that he was field-driver as aforesaid in 1848 and 1849; and the production in evidence of the said record of *Folger* v. *Vincent,* proved the following facts, viz : That he took up said Folger's cattle in the month of October, 1849, for which he was sued, and he defended that action on the ground that he took them as field-driver. Also, the following votes of the inhabitants of the town of Nantucket, viz : one passed in February 14th, 1849, as follows : ' Voted, on motion of Charles Bunker, that the town will indemnify the pound-keepers and field-drivers for expenses and liabilities incurred by them thus far in the discharge of their duty.' And on February 13th, 1850, the following vote : ' Voted to indemnify the field-drivers and pound-keepers.' The plaintiff then offered evidence tend-ing to show the expenses incurred, and services rendered, as claimed by him, and contended that upon the foregoing facts he had a legal right to recover for such payments and ex-penses. The presiding judge was of opinion that upon the foregoing facts, the plaintiff had shown no legal right to recover, and directed the jury to return a verdict for the defendants ; to which rulings the plaintiff excepts."

The case was very elaborately argued in writing.

*R. C. Pitman,* for the plaintiff, cited and commented upon *Nelson* v. *Milford,* 7 Pick. 18; *Bancroft* v. *Lynnfield,* 18 Pick. 566; *Thayer* v. *Boston,* 19 Pick. 511; *Babbitt* v. *Savoy,*

3 Cush. 530; *Drake* v. *Stoughton,* 6 Cush. 393; *Cushing* v. *Stoughton,* 6 Cush. 389; *Train* v. *Gold,* 5 Pick. 380; *St.* 1799, *c.* 61; *St.* 1804, *c.* 44.

*L. F. Brigham,* for the defendants, cited *Bangs* v. *Snow,* 1 Mass. 190; *Dillingham* v. *Snow,* 5 Mass. 547; *Stetson* v. *Kempton,* 13 Mass. 273; *Norton* v. *Mansfield,* 16 Mass. 48; *Nelson* v. *Milford,* 7 Pick. 18; *Parsons* v. *Goshen,* 11 Pick. 396; *Bancroft* v. *Lynnfield,* 18 Pick. 566; *Thayer* v. *Boston,* 19 Pick. 511; *Anthony* v. *Adams,* 1 Met. 284; *Babbitt* v. *Savoy,* 3 Cush. 530; *Cushing* v. *Stoughton,* 6 Cush. 389.

MERRICK, J. This action is brought upon an alleged promise and undertaking of the defendants to indemnify, and save the plaintiff harmless, from the consequences of a suit commenced and prosecuted against him by one Hiram Folger. It appears, from the facts stated in the bill of exceptions, that the suit referred to was an action of replevin instituted by Folger, to regain possession of certain cattle belonging to him, which the present plaintiff, in his official capacity as a field-driver of the town of Nantucket, having found going at large therein contrary to law, had taken up and impounded in the town-pound.

The defendants, without admitting any agreement on their part to indemnify the plaintiff, contend that he cannot maintain an action against them upon their alleged promise, because it was such an undertaking as they were not legally competent to assume, and for the non-performance of which therefore they cannot be held responsible. It has always been well understood that towns, as bodies corporate, possess only a limited right to bind themselves, and the inhabitants and property within their respective limits, by civil contracts. Formerly the subject was not regulated by any statute provision, but now it is expressly enacted, that towns may make any contracts which are necessary or convenient in the exercise of their corporate powers. Rev. Sts. *c.* 15, § 11. For such purpose there is no limitation of their authority. Their contracts will be valid when made in relation to objects concerning which they have a duty to perform, an interest to protect, or a right to defend. But here is the

extent at once, of their right and their power. They cannot engage in enterprises foreign to the purposes for which they were incorporated, ·nor assume responsibilities which involve undertakings not within the compass of their corporate powers. In the case of *Anthony* v. *Adams*, 1 Met. 284, it is said by the chief justice, that "it is now well settled that a town, in its corporate capacity, will not be bound, even by the express vote of a majority, to the performance of contracts, or other legal duties, not coming within the scope of the objects and purposes for which they are incorporated." The proposition thus clearly stated, and fully warranted by the cases there referred to, and which need not be again cited here, when considered in connection with the provision of the statute above quoted, defines the extent and limitation of this municipal power with precision and exactness.

That the right and power of towns is, in many particulars, restrained and limited, is not contested by the counsel for the plaintiff. He does not claim that they can in all cases, indiscriminately, vote indemnity to every officer of their choice against the consequences of whatever act he may do by virtue of his official character, but he insists that the present action may be maintained upon the ground that the alleged promise and undertaking of the defendants was within their admitted power, because it had relation to an object in which they had a special interest, and by the accomplishment of which they might derive a special benefit. But this is not so. The defendants had nothing at stake upon the result of the litigation between the plaintiff and Folger. In relation to field-drivers, the whole corporate power of a town is exercised and exhausted in their election. It has afterwards no guardianship, control, or authority over them in respect to their observance or neglect of the single specific duty which the law imposes upon them. It is not responsible for their fidelity; and it cannot gain by their diligence, or lose by their official inattention or carelessness.

The *Sts.* of 1799, *c.* 61, and of 1804, *c.* 44, to which we have been referred by the plaintiff's counsel, authorized towns to order and direct that certain enumerated animals should not

go at large within their respective limits without a keeper. And an attempt was made to deduce therefrom the conclusion that towns have an interest in, and can derive a benefit from, the official service of field-drivers. It is unnecessary to test or scrutinize the accuracy of this deduction, because these statutes were repealed by the *St.* of 1834, *c.* 184, and the legislature has not since conferred on towns any similar authority. The whole subject is now withdrawn from municipal action, and is regulated by the provisions of a general law.

This objection of the defendants is decisive against the plaintiff's right to recover; and it is therefore unnecessary to consider the other questions which have been discussed.

*Exceptions overruled.*

NOTE. — There was another action — *Holmes* v. *Inhabitants of Nantucket* — involving the same question, argued at the same time, by the same counsel, and decided in the same way.