FRANK DOSTER v. SAMUEL T. HOWE, *as Treasurer of Marion County.*

CONTRACT *Between County Board and Attorney, Valid.* Where the county attorney commences an action in the name of the state, on his relation, in the district court, against the board of county commissioners, to enjoin it from erecting permanent county buildings, upon the ground that the question had not previously been submitted to a vote of the electors of the county, and the district court decides in favor of the board of county commissioners and against the county attorney, and the county attorney takes the case to the supreme court upon petition in error, the county board may then make a legal and valid contract with an attorney at law to defend its case in the supreme court, notwithstanding the fact that the county commissioners were about to erect permanent county buildings without first having submitted the question to a vote of the electors of the county, and notwithstanding the fact that the county attorney was entitled to the injunction prayed for in the action commenced by him.

### *Error from Marion District Court.*

ACTION brought by *Doster* against *Howe,* as treasurer of Marion county, to recover the amount of a certain county order which defendant refused to pay. Trial at the adjourned November Term, 1881, of the district court, and judgment for defendant. Plaintiff brings the case here. The opinion states the facts.

*Frank Doster,* plaintiff in error, for himself.

*C. Reed,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by Frank Doster against Samuel T. Howe, as treasurer of Marion county, to recover the amount of a county order which Howe, as treasurer, refused to pay. The action is founded upon the following facts: In 1878 the board of county commissioners of Marion county was about to erect permanent county buildings costing $7,500, without first having submitted the question to a vote of the electors of said county.

In order to prevent the board from so doing, the county attorney, C. Reed, commenced an action in the name of the state, on his relation, in the district court of Marion county, to perpetually enjoin the board from so constructing said buildings, or from expending any money therefor, or from letting the contract for the construction of such buildings. A hearing was had before the judge of the district court, and the judge found in favor of the board of county commissioners and against the plaintiff, and refused to grant the injunction. The county attorney then took the case to the supreme court on petition in error, and the supreme court reversed the judgment and order of the district court, and remanded the case for further proceedings. (*The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kas. 419.)

While the case was in the supreme court, the board of county commissioners employed the plaintiff in this action, Frank Doster, as an attorney at law, to defend the case for them in the supreme court, which he did. Afterward the board issued an order or warrant on the county treasurer for the sum of $87.50, to pay Doster for his services in the supreme court. Doster presented this order to the defendant, Samuel T. Howe, who was then treasurer of Marion county, and demanded payment; but Howe refused to pay the same, upon the ground that the consideration therefor was illegal. Doster then commenced this action against Howe for the amount of the order. Plaintiff's petition properly set forth his cause of action on the order, and the defendant's answer properly set forth (1) a general denial; and (2) the foregoing facts. The plaintiff demurred to the second ground of the defendant's answer, upon the ground that it did not state facts sufficient to constitute any defense to his action, and the court below overruled the demurrer; to which ruling the plaintiff excepted, and then brought the case to this court for review.

The whole question in this case depends upon the question, whether the board of county commissioners had any legal authority to employ the plaintiff Doster to defend it in the

supreme court.  It is now admitted by all parties that the county board should not have attempted to let any contract to build the county buildings which it desired to build, without first submitting the question to a vote of the electors of Marion county; and it is also admitted that the action brought by the county attorney, to restrain the board from so doing, was rightfully brought, and that the county attorney was entitled to the injunction prayed for.   The question, however, at the time was not an entirely clear one, and the judge of the district court decided adversely to the opinion of the county attorney, and in favor of the board of county commissioners.  The question then arises, could the board of county commissioners and Frank Doster, under such circumstances, make a legal and valid contract that Frank Doster should defend the action against the board of county commissioners in the supreme court?  It is admitted that the contract would have been legal if the county board had had the right to build said county buildings, without first submitting the question to a vote of the electors — that is, it is admitted that the county board has a right to employ counsel in any proper suit not in its own county, in which the board of county commissioners (virtually the county) is a party, or interested; provided, the board of county commissioners happens to be on the right side of the case.  But it is claimed that in a case like this, where the board of county commissioners happens to be on the wrong side of the case, and the county attorney is prosecuting on the other side of the case, that the board cannot make any valid agreement with any attorney employing him to defend its side of the case.

The defendant claims in substance as follows: That the building of said county buildings, as contemplated by the board of county commissioners, was beyond its power, and illegal; and that for that reason the county board had no right to defend any action brought against it to prevent the construction of said buildings, and had no right nor power to employ counsel to assist it in defending such action.   The

defendant cites the following cases as authority for his position: *Gregory v. Bridgeport*, 41 Conn. 76; *Gove v. Epping*, 41 N. H. 539; *Thayer v. Boston*, 36 Mass. (19 Pick.) 511; *Vincent v. Nantucket*, 66 Mass. (12 Cush.) 103.

The defendant cites some other authorities, but we think they have no application to the case; and indeed we hardly think that the cases which we have already referred to as cited by defendant have much application to this case. For instance, the case of *Gregory v. Bridgeport*, which is about as near applicable as any cited, is a case where a person was appointed by the city as a superintendent of wharves, and who performed the act complained of, but who *did not perform it for the city*, but for a third person, and the act itself was not illegal or wrongful. But he was sued by still another person, and in defense of the suit he incurred expenses; and it was held that the city could not legally indemnify him for such expenses. In the present case, it was the county board itself — the proper and real representative of the corporate existence of the county, that contemplated the construction of the public buildings; and the contemplated construction of these buildings was entirely and solely for the county, and the county board has authority to construct such buildings, provided it does so in a proper manner; and it was the county board that was sued; it was the county board that employed the plaintiff, Doster; and it was the county board which Doster defended in the supreme court. The county board under the statutes has a right to build just such buildings as it contemplated building, provided it first obtained the consent of a majority of the electors of the county at a proper election held for that purpose; and the only thing that was illegal or irregular in the present case was, that the board contemplated constructing such buildings without first submitting the question to a vote of the electors — that is, the thing that the county commissioners contemplated doing was not beyond the scope of its authority, but it simply contemplated doing it in an illegal and improper manner.

The plaintiff cites the following cases in support of his

theory of the case: *Cushing v. Stoughton*, 60 Mass. (6 Cush.) 389; *Drake v. Stoughton*, id. 393.

In the first case it is held that —

"If a town appoint a committee for an illegal purpose, with authority to defend all actions growing out of the same at the expense of the town, and the committee employ counsel accordingly, by whom professional services are rendered in defense of such an action, the town is liable for the services rendered."

In the second case it is held as follows:

"A town having appointed a committee for an illegal purpose, with authority to defend all suits which might grow out of the same, and also voted that all costs, expenses and trouble which the committee might incur in the premises should be paid by the town, it was held that the town was not liable for the services of the committee rendered in effecting the purpose of their appointment, but was liable for services performed by them in defending an action brought against the town on account thereof."

If these two cases last cited are correct, we would think that the contract of employment between the county board and the plaintiff Doster is legal and valid. It would seem that in all cases where a suit is pending in the supreme court against a county board, and it is doubtful which way the case should be decided, that the county board ought to have the power to employ counsel to defend it until the question is finally determined as to which is right — the county board, or the adverse party; and it would seem that an attorney at law ought to have the right and power to take such an employment; and this although in the end it may be determined and adjudicated that the county board had no good grounds of defense to the action. We suppose that it will not be claimed that the attorney at law should in all cases, or indeed in any case, investigate the entire case first before he takes the employment for the purpose of ascertaining whether the board has any good defense or not; for the investigation itself is often the larger portion of the work in the case, and it often happens that after the attorney has investigated the case he will believe that the board has a good defense, while in the

end the supreme court may decide that the board did not have a good defense. We suppose also that it will hardly be claimed that an attorney should take the case upon a contingent fee — that is, that if in the end he should be successful in the supreme court, that he should receive pay for his services; but if he should not be successful, that he should not be entitled to anything. However, the doctrine of counsel for the defendant in this case (the county treasurer) would result in this very thing. According to his theory, if the supreme court had decided the case of *The State, ex rel., v. Comm'rs of Marion Co.* in favor of the commissioners, the contract between the commissioners and the plaintiff Doster would be valid; but as the supreme court decided the case the other way, deciding it in favor of the state and against the commissioners, then the contract between the commissioners and the plaintiff Doster was invalid. It is our opinion that the contract was valid, and that the plaintiff is entitled to recover in this case. If the building of the said county buildings had been entirely beyond the scope of the power of the board of county commissioners, then it is possible that the contract between it and Doster would not be valid; but as the building of such buildings is not beyond the scope of its power, but simply requires the preliminary consent of the electors of the county, we would think the contract between Doster and the board of commissioners is not invalid.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.