

# OFFICE OF

10:3

# THE ATTORNEY GENERAL

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 28, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. H. P. Guerra, Jr.
County Attorney
Starr County
Rio Grande City, Texas

Opinion No. V-416

Re: Authority of the Com-
missioners' Court to
retain counsel under
the submitted facts.

Dear Sir:

We refer to your letter requesting an opinion as to whether the Commissioners' Court of Starr County has the authority to employ an attorney to draw up the necessary orders and instruments for redistricting of the commissioners' precincts, justice precincts, and election precincts in accordance with an order passed by the Commissioners' Court. The County Judge and two commissioners voted in favor of the order and two commissioners voted against said order.

You ask also whether the Commissioners' Court has the authority to employ an attorney to represent it in defense of a suit seeking to enjoin the carrying out of the above mentioned order.

We quote the following pertinent statutory provisions:

"Art. 2343. Any three members of the said court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax."

"Art. 2351. Each commissioners court shall:

"1. Lay off their respective counties into precincts, not less than four, and not more than eight, for the elction of justices of the peace and constables, fix the times and places of holding justices courts, and shall establish places in such precincts where elections shall be held; and shall

establish justices precincts and justices
courts for the unorganized counties as pro-
vided by law. . . ."

"Art. 2933.  Each commissioners court
may, if they deem it proper, at each August
term of the court, divide their respective
counties, and counties attached thereto for
judicial purposes, into convenient election
precincts, each of which shall be differently
numbered and described by natural or artifi-
cial boundaries or survey lines by an order
to be entered upon the minutes of the court.
They shall immediately thereafter publish
such order in some newspaper in the county
for three consecutive weeks.  If there be no
newspaper in the county, then such copy of
such order shall be posted in some public
place in each precinct in the county.  No
election precinct shall be formed out of two
or more justice precincts.  The commission-
ers court shall cause to be made out and de-
livered to the county tax collector, before
the first day of each September a certified
copy of such last order for the year follow-
ing."

By virtue of the above quoted statutory pro-
visions the laying off of commissioners' precincts, jus-
tice precincts, and election precincts are matters of
concern to the county.  It is well settled that in spe-
cial matters where the interest of the county may require
the services of an attorney, a Commissioners' Court has
the power and authority to hire counsel to aid the Com-
missioners' Court in carrying out its duties and also to
represent the county in matters that directly concern
county business.  Adams v. Seigler, 112 S. W. 188; Gibson
v. Davis, 236 S. W. 202, 212; Galveston County v. Gresh-
am, 220 S. W. 560; 11 Tex. Jur. 575.

Under the facts presented in your inquiry, the
Commissioners' Court employed an attorney to draw the
necessary orders to carry out such changes and redis-
tricting of commissioners' precincts, justice precincts,
and election precincts.  Since the Commissioners' Court
had the power to lay off such precincts, it also had the
authority to employ an attorney to prepare the necessary
orders to carry out such powers.

In answer to your second question, we refer you to the case of City National Bank of Austin v. Presidio County, 26 S. W. 775, wherein it was held that the Commissioners' Court was authorized to employ counsel to represent the Commissioners' Court in a suit which was brought against a county judge and commissioners to enjoin the alleged illegal action of the Commissioners' Court in removing the county seat of Presidio County from Ft. Davis to Marfa. The Court held that while the suit was nominally against them as individuals, its design and effect was to control the performance of their official acts and was a matter of concern to the county. We quote the following:

"We are clearly of opinion that the commissioners did not exceed their powers in the employment of the attorneys, so far as the suit of Carothers against the county judge and commissioners was concerned. While it was nominally a suit against them as individuals, its design and effect was to obstruct and control the performance of the official acts, and we are not disposed to hold in such a case that they must do nothing towards defending such suit, or must employ counsel at their own expense. They had power to employ counsel, and to defray the reasonable expense thereof out of the county funds."

The Court also held that the right to employ counsel was not dependent upon whether the order of the Commissioners' Court which was under attack was valid or invalid. We quote the following:

"In order to assure a speedy, certain, and proper decision of the question, the commissioners doubtless concluded that both the cases should be properly prepared and presented, and we do not believe they abused their authority in employing counsel to accomplish this. It was in pursuance of their duties to do so. We conclude for these reasons that the employment of counsel in the case of State v. Carothers was a legal exercise of power on the part of the commissioners, done in the interest and business of the county. These views are supported by authority. Hornblower v. Duden, 35 Cal. 664; Doster v. Howe, 28 Kan. 353; Ellis v. Washoe

Co., 7 Nev. 291. <u>The validity of their acts was not affected by the fact that they were mistaken, or that there was an adverse decision of the question. It has been frequently held that the power cannot be measured by such a rule.</u>" (Emphasis ours)

Although the suit in the instant case was nominally against the two commissioners and the county judge of Starr County who voted affirmatively to carry out such redistricting, it is our opinion that its design and effect was to control the performance of the Commissioners' Court's official acts and was a matter of concern to the county under the rule laid down in the Presidio County case. Therefore, the Commissioners' Court had the power to employ an attorney to represent them.

We note that according to your request, the county auditor has refused to approve the account presented by such attorney for services rendered by him to the Commissioners' Court on the ground that the amount to be paid him is exorbitant and excessive. This is a fact question which this office cannot pass upon. However, it is our opinion that the Commissioners' Court of Starr County had the power to employ counsel to perform the services mentioned in your request and to pay such attorney a reasonable sum.

## SUMMARY

The Commissioners' Court is authorized to employ counsel to prepare necessary orders to carry out the redistricting of commissioners' precincts, justice precincts and election precincts, and to represent the Commissioners' Court in an action brought by individuals to enjoin the Court from putting into effect such redistricting and pay such attorney a reasonable sum for the services rendered. Galveston County v. Gresham, 220 S. W. 560; Grooms v. Atascosa County, 32 S. W. 188; City National Bank of Austin v. Presidio County, 26 S. W. 775.

Very truly yours

APPROVED:                          ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*                    By    *John Reeves*

FIRST ASSISTANT                             John Reeves
ATTORNEY GENERAL                            Assistant

JR:dim:it